```
                  UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )       Chapter 7
LARRY DEAN HEEREN               )
                                )       Bankruptcy No. 04-04127
     Debtor.                    )
------------------------------  )
JULIA M. HEEREN                 )
                                )       Adversary No. 05-9040
     Plaintiff,                 )
                                )
vs.                             )
                                )
LARRY DEAN HEEREN               )
                                )
     Defendant.                 )
```

**ORDER RE: MOTION TO DISMISS COMPLAINT**

This matter came before the undersigned on May 6, 2005 on Debtor's Motion to Dismiss Complaint to Hold Debt Not Dischargeable Pursuant to 11 U.S.C. § 523. Plaintiff Julia Heeren was represented by attorney Steve Jackson, Jr. Defendant/Debtor Larry Heeren was represented by attorney Ryan Tang. After presentation of arguments by counsel, the matter was taken under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Debtor asserts Plaintiff's dischargeability complaint was not timely filed. Plaintiff argues she timely filed her complaint prior to the deferred date of discharge.

**FINDINGS OF FACT**

Debtor filed his Chapter 7 petition on October 22, 2004. The first meeting of creditors was set for November 29, 2004. A notice was sent to creditors, including Plaintiff, setting out the date of the meeting of creditors and stating that the deadline to file a complaint to determine dischargeability of certain debts was January 28, 2005. The Notice explains that

a complaint to determine discharge of debt under § 523(a)(2), (4), (6), or (15), must be filed by the deadline.

Plaintiff filed her Complaint objecting to discharge of debt pursuant to § 523(a)(15) on March 31, 2005.  The complaint, in paragraph 3, notes that the Court had entered an Order deferring Debtor's discharge to April 1, 2005.  On February 14, 2005, Trustee Sheryl Schnittjer filed a Motion to Defer Entry of Discharge in Debtor's Chapter 7 case.  The Court entered an order on March 8, 2005, granting that motion and deferring entry of discharge to April 1, 2005.  On April 5, 2005, the Court granted a second motion filed by Trustee, deferring entry of discharge to May 13, 2005.  Neither Trustee's Motions nor the Court's orders refer to the deadline to file dischargeability complaints.  Trustee's Motions state the reason for the delay of discharge was to investigate possible preferential transfers.

## CONCLUSIONS OF LAW

Federal Rule of Bankruptcy Procedure 4007(c) establishes a deadline for filing a complaint to determine dischargeability of a debt under 11 U.S.C. § 523(c) of 60 days after the first date set for the meeting of creditors.  In re Harbaugh, 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003).  Included in § 523(c) are debts arising under § 523(a)(2), (4), (6) and (15).  11 U.S.C. § 523(c)(1).  Rule 4007(c) is analogous to a statute of limitation and strictly construed.  Harbaugh, 310 B.R. at 320.

Rule 4007(c) permits the court to extend the deadline for cause.  However, the motion for extension "shall be filed before the time has expired."  Fed. R. Bankr. P. 4007(c).  Federal Rule of Bankruptcy Procedure 9006(b), which governs enlargements of time, states: "The court may enlarge the time for taking action under Rule . . . 4007(c) . . . only to the extent and under the conditions stated in [that rule]."  Thus, Rule 4007(c) permits an extension of time to file dischargeability complaints only when a request is filed before the time has expired.  Harbaugh, 301 B.R. at 320.

Some courts have found that the deadline may be extended if the creditor was affirmatively misled by the bankruptcy court as to the filing deadline.  In re Perkins, 271 B.R. 607, 614 (B.A.P. 8th Cir. 2002).  In Perkins, the bankruptcy clerk's office improperly set a new deadline for filing

2

dischargeability complaints after the bankruptcy court entered an order deferring discharge.  <u>Id.</u>  The Bankruptcy Appellate Panel allowed the creditor to file a late dischargeability complaint based on its reliance on the clerk's second deadline.  <u>Id.</u>

## ANALYSIS

Based on the foregoing, the Court must conclude that Plaintiff's complaint to determine dischargeability under § 523(a)(15) is not timely filed.  One deadline to file such complaints was set in this case – January 28, 2005.  Although the discharge was deferred on Trustee's Motion, the deadline was not extended.  Plaintiff failed to file her complaint or request an extension of the deadline prior to the deadline.  She was not misled by any communication by the Court or the Clerk's office.  Therefore, construing Rule 4007(c) strictly, the Court must conclude that the complaint was untimely filed and must be dismissed.

**WHEREFORE**, Debtor's Motion to Dismiss Complaint to Hold Debt Not Dischargeable Pursuant to 11 U.S.C. § 523 is GRANTED.

**FURTHER**, this adversary proceeding is DISMISSED.

DATED AND ENTERED:  May 16, 2005

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE